```
FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 903
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)

Attorney for Plaintiffs
NARANJIBHAI PATEL and
RAMILABEN PATEL
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARANJIBHAI PATEL; RAMILABEN PATEL,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES POLICE CHIEF WILLIAM BRATTON; CITY OF LOS ANGELES POLICE OFFICER LOPEZ, Badge No. 31911 No. 33002, sued as DOE 1; CITY OF LOS ANGELES POLICE OFFICER SANCHEZ, Badge No. 32705, sued as DOE 2; CITY OF LOS ANGELES POLICE OFFICER MARISCO, Badge No. 32006, sued as DOE 3; CITY OF LOS ANGELES POLICE OFFICER GALLEGOS, Badge No. 33847, sued as DOE 4; CITY OF LOS ANGELES POLICE OFFICER KOVAL, Badge No. 32668, sued as DOE 5; CITY OF LOS ANGELES POLICE OFFICER VARGAS, Badge No. 31332, sued as DOE 6; CITY OF LOS ANGELES POLICE OFFICER DAVILA, Badge No. 31802, sued as DOE 7; and DOES 8 THROUGH 10 INCLUSIVE,<br><br>　　　　　Defendants. | No. CV05 1571<br><br>COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF<br><br>[Violation of Federal Civil Rights]<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiffs NARANJIBHAI PATEL and RAMILABEN PATEL ("Plaintiffs" or collectively "Patel") as a Complaint against Defendants, state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343(a)(3). This action, which arises under the laws and Constitution of the United States, specifically, the Fourth and Fourteenth Amendments, involves violations of federal law, actionable pursuant to 42 U.S.C. Section 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF LOS ANGELES ("City"), is a public entity in this District, the Individual Defendants are employees of the City and reside in this District, and the claims arose in this District.

## PARTIES

3. Plaintiffs, who are husband and wife were at all times material herein the owners and operators of a motel named the Rio Palace Motor Inn (the "Motel") located at 10424 South Broadway, Los Angeles, California 90003. Plaintiffs are the on-site managers of the Motel who reside at the motel.

4. Defendant CITY OF LOS ANGELES ("Defendant" or "City") is a municipal corporation organized and existing under the Constitution and laws of the State of California.

5. Defendant CITY OF LOS ANGELES POLICE CHIEF WILLIAM BRATTON ("Chief Bratton") was at all times material herein the Police Chief of the City of Los Angeles Police Department ("LAPD"). Chief Bratton is sued in his individual and official capacity.

2

6. Defendants CITY OF LOS ANGELES POLICE OFFICER LOPEZ, Badge No. 31911, sued as DOE 1 ("Officer Lopez"), CITY OF LOS ANGELES POLICE OFFICER SANCHEZ, Badge No. Sanchez, sued as DOE 2 ("Officer Sanchez"); CITY OF LOS ANGELES POLICE OFFICER MARISCO, Badge No. 32006, sued as DOE 3 ("Officer Marisco"); CITY OF LOS ANGELES POLICE OFFICER GALLEGOS, Badge No. 33847, sued as DOE 4 ("Officer Gallegos"); CITY OF LOS ANGELES POLICE OFFICER KOVAL, Badge No. 32668, sued as DOE 5 ("Officer Koval"); CITY OF LOS ANGELES POLICE OFFICER VARGAS, Badge No. 31332, sued as DOE 6 ("Officer Vargas"); and CITY OF LOS ANGELES POLICE OFFICER DAVILA, Badge No. 31802, sued as DOE 7 ("Officer Davila") were at all times material herein police officers and employees of the LAPD. At present, plaintiffs do not know the first names of said defendants.

7. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 8 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to plaintiffs at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants is responsible in some manner for the occurrences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and

3

capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint as and when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant," "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

BACKGROUND FACTS COMMON TO ALL CLAIMS

8. On March 4, 2003, Officers Marisco, Lopez and Sanchez conducted a motel registration check at the Motel pursuant to Los Angeles Municipal Code ("LAMC") 41.49. Without plaintiffs consent, authorization of said plaintiffs, or an administrative or any other type of warrant or court order, these officers, and each of them, entered onto the motel and further entered where plaintiffs reside, and in the course of the inspection, inspected and seized motel registration cards, and arrested and cited Plaintiff Ramilaben Patel for violation of LAMC 41.49(b), failure to maintain a register, but such citation was eventually dismissed and no charges were filed.

9. On September 9, 2003, Officers Gallegos, Koval and Marisco conducted a motel registration check at the Motel pursuant to Los Angeles Municipal Code ("LAMC") 41.49. Without plaintiffs consent, authorization of said plaintiffs, or an administrative or any other type of warrant or court order, these officers, and each of them, entered onto the motel and further entered where plaintiffs reside, and in the

course of the inspection, inspected and seized motel registration cards, and arrested and cited Plaintiff Naranjibhai Patel for violation of LAMC 41.49(b), failure to maintain a register, but such citation was eventually dismissed and no charges were filed.

10. On February 18, 2004, Officers Vargas and Davila were working in an undercover capacity and investigating motels in the area of the Motel for disorderly house violations. On said date, an undercover operation for disorderly house violations was conducted at the Motel by said officers. Without plaintiffs consent, authorization of said plaintiffs, or an administrative or any other type of warrant or court order, these officers, and each of them, entered onto the motel and further attempted to rent a room at the Motel, and without probable cause, arrested and cited Plaintiff Naranjibhai Patel for violation of Penal Code 316, and in doing so entered where plaintiffs reside. Such citation was eventually dismissed and no charges were filed.

11. In taking the said actions stated in paragraphs 8-10 above, said officers, did so in accordance with the express authority of LAMC 41.49 which authorizes warantless inspections of motels regarding motel registration at any time of the day and night, and with the express authority, knowledge and ratification of the other named defendants. A certified copy of LAMC 41.49 is attached and incorporated herein as Exhibit "A".

12. Within the past sixth months of the filing of this Complaint, said defendants, and each of them, have actually enforced and threatened to continue to enforce in the near future LAMC 41.49, by conducting and authorizing warantless inspections of plaintiffs' Motel regarding motel registration; doing so at all times of the day and night, and with the express authority, knowledge and ratification of Chief Bratton and the City Council and other policymaking officials of the City; and in enforcing LAMC 41.49 have further threatened to use the claimed evidence gathered in any alleged civil or criminal abatement proceedings against plaintiffs. In doing so said defendants have unreasonably interefered with plaintiffs operation of their motel business.

Based on the above facts, plaintiffs allege the following claims:

### FIRST CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C. Section 1983 by All Plaintiffs Against All Defendants)

13. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 12, and all its subparts, inclusive, as set forth hereinabove.

14. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of

6

the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles and the State of California for purposes of "state action" under 42 U.S.C. Section 1983.

15. Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 8-12 above, defendants, and each of them, violated and continue to threaten to violate the constitutional and civil rights of plaintiffs, in particular to their rights under the Fourth Amendment as incorporated by the Fourteenth Amendment of the United States Constitution to be free from unreasonable searches and seizures of their person or property; to their right to the equal protection of the laws under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution to be free from arbitrary discrimination in the enforcement of LAMC 41.49 whereby said enforcement has been done on a pretextual basis by defendants, and each of them, in order to drive plaintiffs out of business, and that has not been so enforced against similarly situated persons; and to their rights under the Due Process Clause of the United States Constitution in the application of LAMC 41.49 as said ordinance is vague on its face and as applied to the plaintiffs, and independent of their constitutional rights under the Fourth Amendment violates their interests under the Due Process Clause.

16. Defendant City in engaging in the above-described conduct, is liable as it acted according to official policy, custom and practice of the City. The individual defendants are not entitled to qualified immunity as they violated plaintiffs' constitutional and civil rights, and in doing so violated clearly established law in a manner that was unreasonable under the circumstances.

17. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer extreme economic and non-economic damages, including but not limited to severe emotional distress and unreasonable intereference with their motel business according to proof at trial. Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have suffered and continue to incur is at least $1,000,000 per each individually named Plaintiff; are entitled to punitive and exemplary damages for the conduct of the individually named defendants; and are also entitled to a declaration that LAMC 41.49 is unconstitutional in violation of plaintiffs' constitutional rights as set forth in paragraph 15 above. The plaintiffs are entitled to their reasonble attorneys fees under 42 U.S.C. section 1988.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For damages according to proof at trial but not less than $1,000,000.00 per each individually named Plaintiff;

2. For declaratory and injunctive relief;

3. For punitive damages against the individual defendants;

4. For attorney's fees pursuant to 42 U.S.C. Section 1988;

**FOR ALL CLAIMS FOR RELIEF**

5. For costs of suit; and

6. For such other and further relief as the Court deems just and proper.

DATED: March 2, 2005          LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for Plaintiffs NARANJIBHAI PATEL and RAMILABEN PATEL

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: March 2, 2005          LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for Plaintiffs NARANJIBHAI PATEL and RAMILABEN PATEL