FILED

FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 903
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)

Attorney for Plaintiffs
NARANJIBHAI PATEL and
RAMILABEN PATEL

2005 JUL -1 PM 1:26

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARANJIBHAI PATEL; RAMILABEN PATEL, | No. CV05-01571-DSF(AJWx) |
| Plaintiffs, | FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF |
| vs. | [Violation of Federal Civil Rights] |
| CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES POLICE CHIEF WILLIAM BRATTON; CITY OF LOS ANGELES POLICE OFFICER LOPEZ, Badge No. 31911 No. 33002, sued as DOE 1; CITY OF LOS ANGELES POLICE OFFICER SANCHEZ, Badge No. 32705, sued as DOE 2; CITY OF LOS ANGELES POLICE OFFICER MARISCO, Badge No. 32006, sued as DOE 3; CITY OF LOS ANGELES POLICE OFFICER GALLEGOS, Badge No. 33847, sued as DOE 4; CITY OF LOS ANGELES POLICE OFFICER KOVAL, Badge No. 32668, sued as DOE 5; CITY OF LOS ANGELES POLICE OFFICER VARGAS, Badge No. 31332, sued as DOE 6; CITY OF LOS ANGELES POLICE OFFICER DAVILA, Badge No. 31802, sued as DOE 7; and DOES 8 THROUGH 10 INCLUSIVE, | DEMAND FOR JURY TRIAL |
| Defendants. | |



DOCKETED ON CM

JUL - 5 2005

BY _____ 022

Pursuant to the Court's Order of May 31, 2005, Plaintiffs NARANJIBHAI PATEL and RAMILABEN PATEL ("Plaintiffs" or collectively "Patel") as a First Amended Complaint against Defendants, state and allege as follows:

<u>JURISDICTION AND VENUE</u>

1.   Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3).   This action, which arises under the laws and Constitution of the United States, specifically, the Fourth and Fourteenth Amendments, involves violations of federal law, actionable pursuant to 42 U.S.C. Section 1983.

2.   Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF LOS ANGELES ("City"), is a public entity in this District, the Individual Defendants are employees of the City and reside in this District, and the claims arose in this District.

<u>PARTIES</u>

3.   Plaintiffs, who are husband and wife were at all times material herein the owners and operators of a motel named the Rio Palace Motor Inn (the "Motel") located at 10424 South Broadway, Los Angeles, California 90003. Plaintiffs are the on-site managers of the Motel who reside at the motel.

4.   Defendant CITY OF LOS ANGELES ("Defendant" or "City") is a municipal corporation organized and existing under the Constitution and laws of the State of California.

2

5.    Defendant CITY OF LOS ANGELES POLICE CHIEF WILLIAM BRATTON ("Chief Bratton") was at all times material herein the Police Chief of the City of Los Angeles Police Department ("LAPD"). Chief Bratton is sued in his individual and official capacity.

6.    Defendants CITY OF LOS ANGELES POLICE OFFICER LOPEZ, Badge No. 31911, sued as DOE 1 ("Officer Lopez"), CITY OF LOS ANGELES POLICE OFFICER SANCHEZ, Badge No. Sanchez, sued as DOE 2 ("Officer Sanchez"); CITY OF LOS ANGELES POLICE OFFICER MARISCO, Badge No. 32006, sued as DOE 3 ("Officer Marisco"); CITY OF LOS ANGELES POLICE OFFICER GALLEGOS, Badge No. 33847, sued as DOE 4 ("Officer Gallegos"); CITY OF LOS ANGELES POLICE OFFICER KOVAL, Badge No. 32668, sued as DOE 5 ("Officer Koval"); CITY OF LOS ANGELES POLICE OFFICER VARGAS, Badge No. 31332, sued as DOE 6 ("Officer Vargas"); and CITY OF LOS ANGELES POLICE OFFICER DAVILA, Badge No. 31802, sued as DOE 7 ("Officer Davila") were at all times material herein police officers and employees of the LAPD. At present, plaintiffs do not know the first names of said defendants.

7.    The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 8 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to plaintiffs at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE

3

defendants is responsible in some manner for the occurrences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint as and when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant," "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## BACKGROUND FACTS COMMON TO ALL CLAIMS

8. On March 4, 2003, Officers Marisco, Lopez and Sanchez conducted a motel registration check at the Motel pursuant to Los Angeles Municipal Code ("LAMC") 41.49. Without plaintiffs consent, authorization of said plaintiffs, or an administrative or any other type of warrant or court order, these officers, and each of them, entered onto the motel and further entered where plaintiffs reside, and in the course of the inspection, inspected and seized motel registration cards, and arrested and cited Plaintiff Ramilaben Patel without probable cause for a criminal violation of LAMC 41.49(b), failure to maintain a register, but such citation was eventually dismissed and no charges were filed.

4

9.   On September 9, 2003, Officers Gallegos, Koval and Marisco conducted a motel registration check at the Motel pursuant to Los Angeles Municipal Code ("LAMC") 41.49. Without plaintiffs consent, authorization of said plaintiffs, or an administrative or any other type of warrant or court order, these officers, and each of them, entered onto the motel and further entered where plaintiffs reside, and in the course of the inspection, inspected and seized motel registration cards, and arrested and cited Plaintiff Naranjibhai Patel without probable cause for a criminal violation of LAMC 41.49(b), failure to maintain a register, but such citation was eventually dismissed and no charges were filed.

10.   On February 18, 2004, Officers Vargas and Davila were working in an undercover capacity and investigating motels in the area of the Motel for disorderly house violations. On said date, an undercover operation for discorderly house violations was conducted at the Motel by said officers. Without plaintiffs consent, authorization of said plaintiffs, or an administrative or any other type of warrant or court order, these officers, and each of them, entered onto the motel and further attempted to rent a room at the Motel, and without probable cause, arrested and cited Plaintiff Naranjibhai Patel for violation of Penal Code 316, and in doing so entered where plaintiffs reside. Such citation was eventually dismissed and no charges were filed.

11.  In taking the said actions stated in paragraphs 8-10 above, said officers,  did so in accordance with the express authority of LAMC 41.49 which authorizes warantless inspections of motels regarding motel registration at any time of the day and night, and with the express authority, knowledge and ratification of the other named defendants; and cited plaintiffs with criminal violations as alleged in paragraphs 8-9 above under the express authority of LAMC 11.00(m) which makes it a criminal violation for violating any provisions of the LAMC or failure to comply with any mandatory requirements of the LAMC . A true and correct copy of LAMC 41.49 is attached and incorporated herein as Exhibit "A" and a true and correct copy of LAMC 11.00(m) is attached and incorporated herein as Exhibit "B".

12.  Within the past nine months of the filing of this First Amended Complaint, said defendants, and each of them, have actually enforced and threatened to continue to enforce in the near future LAMC 41.49, by conducting and authorizing warantless inspections of plaintiffs' Motel regarding motel registration; doing so at all times of the day and night, and with the express authority, knowledge and ratification of Chief Bratton and the City Council and other policymaking officials of the City; and in enforcing LAMC 41.49 have further threatened to use the claimed evidence gathered in any alleged civil or criminal abatement proceedings against plaintiffs. In doing so said defendants

6

have unreasonably interefered with plaintiffs operation of their motel business.

13. LAMC 41.49 does not give fair notice to plaintiffs, or any person who owns and operates a motel subject to the ordinance, the practice to be avoided in that the ordinance does not specify where law enforcement may inspect the register, and whether this includes entry without consent or a warrant into the motel area where an owner or operator resides or keeps such register, or whether law enforcement may not enter without consent or a warrant into the motel area where an owner or operator resides or keeps such register.

14. LAMC 41.49 does not give fair notice to plaintiffs, or any person who owns and operates a motel subject to the ordinance, the practice to be avoided in that the ordinance does not specify for what period of time an owner or operator must retain such records, and for what period of time such register records must be open for inspection by law enforcement.

15. The City and the LAPD has not established minimal guidelines to govern the other individual defendants, or any police officer of the LAPD, in the enforcement of LAMC 41.49 as alleged in paragraph 13 above, regarding where law enforcement may inspect the register, and whether this includes entry without consent or a warrant into the motel area where an owner or operator resides or keeps

7

such register, or whether law enforcement may not enter without consent or a warrant into the motel area where an owner or operator resides or keeps such register; nor for what period of time an owner or operator must retain such records, and for what period of time such register records must be open for inspection by law enforcement.

16.     The City and the LAPD has not established minimal guidelines to govern the other individual defendants, or any police officer of the LAPD, in the enforcement of LAMC 41.49 as alleged in paragraph 14 above, regarding w h a t period of time an owner or operator must retain such records, and for what period of time such register records must be open for inspection by law enforcement.

17. Plaintiffs, as LAMC 41.49 has been applied to them in the past by the defendants as alleged in paragraphs 8-10 above, and as LAMC 41.49 will be applied to them in the future by the defendants, have not and cannot with reasonable certainty determine the practice to be avoided under LAMC 41.49, in that the ordinance does not specify where law enforcement may inspect their register, and whether this includes entry without consent or a warrant into the motel area where they reside or keep such register, or whether law enforcement may not enter without consent or a warrant into the motel area where they reside or keep such register; and have not and cannot with reasonable certainty determine the practice to be avoided under LAMC 41.49 as there are no

8

minimal guidelines established to govern law enforcement in this regard.

18. Plaintiffs, as LAMC 41.49 has been applied to them by the defendants as alleged in paragraphs 8-10 above, and as LAMC 41.49 will be applied to them in the future by the defendants, cannot with reasonable certainty determine the practice to be avoided under LAMC 41.49, in that the ordinance does not specify for what period of time they must retain such records, and for what period of time such register records must be open for inspection by law enforcement; and there are no minimal guidelines established to govern law enforcement in this regard.

19. LAMC 41.49(b) authorizes a warrantless inspection by the LAPD and the individual defendant police officers of the register of a motel owner or operator, and the register of the plaintiffs at all times of the day and night, despite the fact that (1) plaintiffs' motel and the motel industry in general is not a "closely regulated" industry; (2) there is no substantial government interest or special need beyond the normal need for law enforcement that is the basis for LAMC 41.49 under which an inspection is made; (3) the warrantless inspection scheme under LAMC 41.49 is not necessary to further the objectives of the regulatory scheme; and (4) LAMC 41.49 does not limit the discretion of the City, LAPD, the individual defendant police officers, nor any LAPD police officer as to the time, place and scope of

9

the inspection.

20.    Plaintiffs, as LAMC 41.49 has been applied to them by the defendants as alleged in paragraphs 8-10 above, and as LAMC 41.49 will be applied to them in the future by the defendants, authorizes a warrantless inspection by the LAPD and the individual defendant police officers of the register of a motel owner or operator, and the register of the plaintiffs at all times of the day and night, despite the fact that (1) plaintiffs' motel and the motel industry in general is not a "closely regulated" industry; (2) there is no substantial government interest or special need beyond the normal need for law enforcement that is the basis for LAMC 41.49 under which an inspection is made; (3) the warrantless inspection scheme under LAMC 41.49 is not necessary to further the objectives of the regulatory scheme; and (4) LAMC 41.49 does not limit the discretion of the City, LAPD, the individual defendant police officers, nor any LAPD police officer as to the time, place and scope of the inspection.

21.    Hotels operating in the City, such as for example the Westin-Bonaventure hotel located on Figueroa Street in downtown Los Angeles, or the Radisson Hotel located in Mid-Wilshire Los Angeles, are not legislatively classified as motels under LAMC 41.49 or the LAMC in general, and thus, the City and the LAPD have not in the past and do not enforce any of the provisions of LAMC 41.49 to legislatively classified hotels in the City.

10

22.   There is no rational basis for the legislative distinction between hotels and motels under LAMC 41.49 in that both classes rent rooms on a temporary basis subject to the same restriction in the LAMC as to the time limits as to the rental of a room at a temporary lodging facility and said time restrictions serve law enforcement purposes in curbing prostitution and the sale and use of drugs.

23.   Over the past two years, including the time period alleged above, the City and the LAPD have adopted a policy, custom and practice, which the individual defendants have implemented, regarding the inspection of motel registers under LAMC 41.49, by conducting multiple inspections at all times of the day and night of plaintiffs' motel register, rather than other motels in other parts of the City other than the area where plaintiffs' motel resides, despite the fact that all such other motels in the City are subject to the inspection provisions of LAMC 41.49; and furthermore, despite the fact that the City and the LAPD are aware that such other motels in other parts of the City are violating the provisions of the ordinance, and also despite the fact that the City and the LAPD are aware that other motels in other parts of the City are operating for the purposes of fostering prostitution or the sale and use of drugs.

24.   The City, LAPD, and the other individual defendants have taken the actions against plaintiffs as alleged in paragraph 23 above, not for the purpose of

11

enforcing LAMC 41.49 for law enforcement purposes, but as a pretext to drive plaintiffs' out of business.

Based on the above facts, plaintiffs allege the following claims:

### FIRST CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C.

Section 1983 by All Plaintiffs Against All Defendants)

25. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 24, and all its subparts, inclusive, as set forth hereinabove.

26. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles and the State of California for purposes of "state action" under 42 U.S.C. Section 1983.

27. Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 8-24 above, defendants, and each of them, violated and continue to threaten to violate the constitutional and civil rights of plaintiffs, in particular to their rights under the Fourth Amendment as incorporated by the Fourteenth Amendment of the United States Constitution to be free from unreasonable

12

searches and seizures of their person or property; and furthermore, that LAMC 41.49 both on its face in all its applications, and as applied to plaintiffs, is in violation of the Fourth Amendment for the reasons stated in paragraphs 19-20 above.

28. Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 8-24 above, defendants, and each of them, violated and continue to threaten to violate the constitutional and civil rights of plaintiffs, in particular to their rights to the equal protection of the laws under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution to be free from arbitrary discrimination in the enforcement of LAMC 41.49 whereby said enforcement has been done on a pretextual basis by defendants, and each of them, in order to drive plaintiffs out of business, and that has not been so enforced against similarly situated persons as alleged in paragraphs 23-24 above; and furthermore, that LAMC 41.49 both on its face in all its applications, and as applied to plaintiffs, is in violation of the Equal Protection Clause for the reasons stated in paragraphs 21-22 above.

29. Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 8-24 above, defendants, and each of them, violated and continue to

13

threaten to violate the constitutional and civil rights of plaintiffs, in particular to their to their rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution in the application of LAMC 41.49 as applied to themm, by being unconstitutionally vague for the reasons stated in paragraphs 17-18 above; and furthermore, that LAMC 41.49 on its face in all its applications violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution by being unconstitutionally vague in that it is impossible to enforce LAMC 41.49 with reasonable certainty in advance in all its potential applications for the reasons stated in paragraphs 13-16 above.

30.   In the alternative, if LAMC 41.49 is found not be unconstitutionally vague in all its applications as alleged in paragraph 29 above, LAMC 41.49 on its face violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution by being unconstitutionally vague in improperly prohibiting a substantial amount of constitutionally protected conduct for the reasons stated in paragraphs 13-16 above.

31. Defendant City in engaging in the above-described conduct, is liable as it acted according to official policy, custom and practice of the City. The individual defendants are not entitled to qualified immunity as they violated plaintiffs' constitutional and civil rights,

14

and in doing so violated clearly established law in a manner that was unreasonable under the circumstances.

32. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer extreme economic and non-economic damages, including but not limited to severe emotional distress and unreasonable intereference with their motel business according to proof at trial. Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have suffered and continue to incur is at least $1,000,000 per each individually named plaintiff; and that plaintiffs are entitled to punitive and exemplary damages for the conduct of the individually named defendants; and are also entitled to a declaration that LAMC 41.49 is unconstitutional on its face and as applied in violation of plaintiffs' constitutional rights as set forth in paragraphs 27-30 above. The plaintiffs are entitled to their reasonble attorneys fees under 42 U.S.C. section 1988.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For damages according to proof at trial but not less than $1,000,000.00 per each individually named Plaintiff;

2. For declaratory and injunctive relief;

15

3.  For punitive damages against the individual
    defendants;

4.  For attorney's fees pursuant to 42 U.S.C. Section
    1988;

5.  For costs of suit; and

6.  For such other and further relief as the Court
    deems just and proper.

DATED: July 1, 2005              LAW OFFICES OF FRANK A.
WEISER

By: ~~Frank A. Weiser~~
    FRANK A. WEISER, Attorney for
    Plaintiffs NARANJIBHAI PATEL
    and RAMILABEN PATEL

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant
to F.R.C.P. 38.

DATED: July 1, 2005              LAW OFFICES OF FRANK A.
WEISER

By: ~~Frank A. Weiser~~
    FRANK A. WEISER, Attorney for
    Plaintiffs NARANJIBHAI PATEL
    and RAMILABEN PATEL

# EXHIBIT A

Case 2:05-cv-01571-DSF-AJW    Document 17    Filed 07/01/05    Page 18 of 22    Page ID #:579

2) Impairments that require the use of crutches, canes, wheelchairs, braces, walkers, or other ambulatory assistive devices.

3) Total blindness or impairments affecting sight to the extent that the individual functioning in public areas may be insecure or exposed to danger; and

4) Deafness or hearing impairments that may expose an individual to danger or insecurity.

b) an individual who requests the use of the restroom facilities and states that because of a physical infirmity he or she requires immediate access to restroom facilities.

2. Public accommodation or facility means a building, structure, facility, complex, or improved area that is used by the general public and shall include those accommodations and facilities listed in Sections 19955 and 19955.5 of the Health and Safety Code.

C. Nothing in this section requires the making of structural alterations, repairs, remodels, modifications, or additions not otherwise required by applicable local, state and/or federal law.

## SEC. 41.47.2. URINATING OR DEFECATING IN PUBLIC.
(Added by Ord. No. 175,626, Eff. 12/16/03.)

No person shall urinate or defecate in or upon any public street, sidewalk, alley, plaza, beach, park, public building or other publicly maintained facility or place, or in any place open to the public or exposed to public view, except when using a urinal, toilet or commode located in a restroom, or when using a portable or temporary toilet or other facility designed for the sanitary disposal of human waste and which is enclosed from public view.

## SEC. 41.48. RESTAURANTS – MINIMUM LIGHT INTENSITY.
(Added by Ord. No. 127,508, Eff. 6/29/64.)

All restaurants, eating establishments, rooms or portions of rooms in which food, beverages or drinks are sold, offered for sale or given away, and every portion of such places available for use of the patrons thereof, shall be well-lighted on a plane of 36 inches from the floor, with a minimum light intensity of not less than one-foot-candle.

## SEC. 41.49. MOTEL REGISTERS.
(Added by Ord. No. 127.508, Eff. 6/29/64.)

Every person who owns or operates a motel shall keep a register in which shall be entered:

(a) The name and address of each guest, and the name and address of each member of his party.

(b) In the event that such guest or his party travels by means of motor vehicle, the register shall specify the make, type and license number of the motor vehicle and the year of registration. Said register shall at all times be open for inspection to all police officers.

## SEC. 41.50. SMOKING PROHIBITED IN DESIGNATED AREAS.*
(Amended by Ord. No. 159,498, Eff. 12/15/84.)

A. Definitions: The following words and phrases, whenever used in this ordinance shall be construed as hereinafter set out, unless it shall be apparent from the context that they have a different meaning.

"Bar" shall mean an indoor area utilized primarily for the serving of alcoholic beverages and in which the service of food is only incidental to the consumption of such beverages. (Added by Ord. No. 162,989, Eff. 1/7/88.)

"Employee" shall mean any person who is employed by any employer in consideration for monetary compensation or profit.

"Employer" shall mean any person, partnership, corporation, excluding municipal corporation, who employs the services of more than four persons. (Amended by Ord. No. 169,790, Eff. 6/9/94.)

"Place of employment" shall mean any enclosed area under the control of a public or private employer which employees normally frequent during the course of employment, including, but not limited to, work areas, employee lounges, conference rooms, and employee cafeterias. A private residence is not a place of employment.

"Service Line" shall mean any indoor line at which one or more persons are waiting for or receiving service of any kind, whether or not such service involves the exchange of money. (Added by Ord. No. 162,989, Eff. 1/7/88.)

# EXHIBIT B

# ARTICLE 1

## GENERAL PROVISIONS

Section
11.00    Provisions Applicable to Code.
11.01    Definitions and Interpretation.
11.02    Inconsistent Permits and Licenses.
11.03    Post War Renewal of Licenses of Craftsmen and Others.
11.04    Delinquent Accounts – Uncollectible Cancellation.
11.05    Effect of Renumbering or Redesignation of Provisions or Sections in Statutes or Codes of the State of California Which Are Referred to in the Los Angeles Municipal Code.
11.06    Violation of Municipal Ordinances – Citation in Lieu of Taking Arrested Person Before Magistrate.
11.07    Bad Check Collection Fees.
11.08    City Departments Exempt from Paying Fees or Charges Required by this Code.
11.09    Administrative Determinations – Notice – Judicial Review.
11.10    Exemptions Relating to the Los Angeles 200th Anniversary Celebration.
11.11    Use of the Metric System of Measure as an Alternative System of Measurement.

## SEC. 11.00.  PROVISIONS APPLICABLE TO CODE.
### (Amended by Ord. No. 175,676, Eff. 1/11/04.)

(a)  **Short Title.   Reference to Code in Prosecutions.  Designation in Ordinances.**  This Code, which consists of criminal or regulatory ordinances of this City, shall be known as the "Official Los Angeles Municipal Code," and it shall be sufficient to refer to the Code as the "Los Angeles Municipal Code" in any prosecution for the violation of any of its provisions; it shall also be sufficient to designate any ordinance adding to, amending or repealing this Code or a portion of this Code as an addition or amendment to or a repeal of the "Los Angeles Municipal Code."

(b)  **Existing Law Continued.**  The provisions of this Code, to the extent they are substantially the same as existing provisions relating to the same subject matter, shall be construed as restatements and continuations of the Code and not as new enactments.

(c)  **Construction.**  The provisions of this Code and all proceedings under it are to be construed with a view to effect its objectives and to promote justice.

(d)  **Effect of Code on Past Actions and Obligations Previously Accrued.**  Neither the adoption of this Code nor the repeal of any ordinance of this City shall in any manner affect the prosecution for violation of ordinances, which violations were committed prior to the effective date of the ordinance, nor be construed as a waiver of any license or penalty at the effective date due and unpaid under the ordinance, nor be construed as affecting any of the provisions of the ordinance relating to the collection of any license or penalty or the penal provisions applicable to any violation, nor to affect the validity of any bond or cash deposit in lieu of a bond, required to be posted, filed or deposited pursuant to any ordinance or its violation, and all rights and obligations associated with the ordinance shall continue in full force and effect.

(e)  **References to Specific Ordinances.**  The provisions of this Code shall not in any manner affect deposits or other matters of record which refer to, or are otherwise connected with ordinances that are specially designated by a number or otherwise and which are included within this Code, but those references shall be construed to apply to the corresponding provisions contained within this Code.

(f)  **Heading, Effect of.**  Division, chapter, article and section headings contained in this Code shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the provisions of any division, chapter, article or section.

(g)  **Reference to Acts or Omissions Within This City.**  This Code shall refer only to the omission or commission of acts within the territorial limits of the City of Los Angeles and that territory outside of this City over which the City has jurisdiction or control by virtue of the Constitution, Charter or any law, or by reason of ownership or control of property.

(h)  **Proof of Notice.**  Proof of giving any notice may be made by the certificate of any officer or employee of this City or by affidavit of any person over the age of 18 years,

which shows service in conformity with this Code or other provisions of law applicable to the subject matter concerned.

(i) **Notices, Service of.** Whenever a notice is required to be given under this Code, unless different provisions in this Code are otherwise specifically made applicable, the notice may be given either by personal delivery to the person to be notified or by deposit in the United States Mail in a sealed envelope, postage prepaid, addressed to the person to be notified at his or her last known business or residence address as it appears in the public records or other records pertaining to the matter to which the notice is directed. Service by mail shall be deemed to have been completed at the time of deposit in the mail.

(j) **Prohibited Acts; Include Causing, Permitting, Suffering.** Whenever in this Code any act or omission is made unlawful it shall include causing, permitting, aiding, abetting, suffering or concealing the fact of the act or omission.

(k) **Validity of Code.** If any section, subsection, sentence, clause, phrase or portion of this Code is for any reason held to be invalid or unconstitutional by the decision of any court of competent jurisdiction, that decision shall not affect the validity of the remaining portions of this Code. The Council of this City hereby declares that it would have adopted this Code and each section, subsection, sentence, clause, phrase or portion of the Code, irrespective of the fact that any one portion or more sections, subsections clauses, phrases or portions are declared invalid or unconstitutional.

(l) In addition to any other remedy or penalty provided by this Code, any violation of any provision of this Code is declared to be a public nuisance and may be abated by the City as a nuisance by means of a restraining order, injunction or any other order or judgment in law or equity issued by a court of competent jurisdiction. The City may seek injunctive relief to enjoin violations of, or to compel compliance with, the provisions of this Code or seek any other relief or remedy available at law or equity.

Violations of this Code are deemed continuing violations and each day that a violation continues is deemed to be a new and separate offense and subject to a maximum civil penalty of $2,500 for each and every offense.

As part of any civil action, the court may require posting of a performance bond to ensure compliance with this Code, applicable state codes, court order or judgment.

(m) It shall be unlawful for any person to violate any provision or fail to comply with any of the requirements of this Code. Any person violating any of the provisions or failing to comply with any of the mandatory requirements of this Code, shall be guilty of a misdemeanor unless that violation or failure is declared in this Code to be an infraction. An infraction shall be tried and be punishable as provided in Section 19.6 of the Penal Code and the provisions of this section. Any violation of this Code that is designated as a misdemeanor, may be charged by the City Attorney as either a misdemeanor or an infraction.

Every violation of this Code is punishable as a misdemeanor unless provision is otherwise made, and shall be punishable by a fine of not more than $1,000.00 or by imprisonment in the County Jail for a period of not more than six months, or by both a fine and imprisonment.

Every violation of this Code that is established as an infraction, or is charged as an infraction, is punishable by a fine as set forth in this Code section, or as otherwise provided in this Code, not to exceed $250.00 for each violation.

Each person shall be guilty of a separate offense for each and every day during any portion of which any violation of any provision of this Code is committed, continued or permitted by that person, and shall be punishable accordingly.

(n) Pursuant to Government Code Section 38773, the City may summarily abate any nuisance at the expense of the persons creating, causing, committing, or maintaining it and the expense of the abatement of the nuisance may be a lien against the property on which it is maintained and a personal obligation against the property owner.

(o) Pursuant to Government Code Section 38773.7, upon entry of a second or subsequent civil or criminal judgment within a two-year period that finds an owner of property responsible for a condition that may be abated in accordance with California Government Code Section 38773.5, a court may order the owner to pay treble the costs of the abatement. These costs shall not include conditions abated pursuant to California Health and Safety Code Section 17980.

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                           )   ss.
COUNTY OF LOS ANGELES    )

        I am employed in the County of Los Angeles, am over the age of 18 years, and not a party to the within action. My business address is 3460 Wilshire Boulevard, Suite 903, Los Angeles, California  90010.

        On July 1, 2005, I served the document entitled FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF  [Violation of Federal Civil Rights] on the interested parties in this action by mailing a true copy thereof addressed as follows:

                Rockard J. Delgadillo, City Attorney
                Gary G. Geuss, Senior Assistant City Attorney
                Cory M. Brente, Assistant City Attorney
                Robert Brown, Deputy City Attorney
                Police Litigation Section
                200 N. Main Street, 7th Floor
                City Hall East
                Los Angeles, CA 90012-4129

   **X**    BY FIRST CLASS U.S. MAIL: I deposited such envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

        BY PERSONAL SERVICE:  I caused to be delivered such document by hand to the persons listed as addressed above.

        BY FACSIMILE TRANSMISSION:  I transmitted to the persons listed at the telephone number above.

   **X**    (FEDERAL)  I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

        Executed on July 1, 2005 at Los Angeles, California.

                                      _____
                                    Frank A. Weiser