UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NARANJIBHAI PATEL, et al., | ) | CASE NO. CV 05-1571 DSF (AJWx) |
| | ) | |
| Plaintiffs, | ) | **FINDINGS OF FACT AND** |
| | ) | **CONCLUSIONS OF LAW AFTER** |
| vs. | ) | **COURT TRIAL** |
| | ) | |
| CITY OF LOS ANGELES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter was tried before the Court on April 26, 2008. Having fully considered the submissions of the parties and their oral arguments, the Court now grants judgment in favor of Defendant, and makes the findings of fact and conclusions of law set forth below pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I. FINDINGS OF FACT[1]

1. Los Angeles Municipal Code ("LAMC") Sec. 41.49 is titled "Hotel Registers and Room Rentals" and provides in part:

    LAMC Sec.41.49.2. **Hotel Record Information**.

---

[1] The parties agree that there are no disputed issues of fact.

(a) Every operator of a hotel shall keep a record in which the following information shall be entered legibly, either in electronic, ink or typewritten form prior to the room being furnished or rented to a guest:

(1) As provided by the guest in response to an inquiry or by other means:

(I) The name and address of each guest and the total number of guests;

(ii) The make, type and license number of the guest's vehicle if the vehicle will be parked on hotel premises that are under the control of the Operator or hotel management;

(iii) Identification information as required by Subsection 4(a) and (b) of this section.

(2) The day, month, year and time of arrival of each guest;

(3) The number or other identifying symbol of location of the room rented or assigned each guest;

(4) The date that each guest is scheduled to depart;

(5) The rate charged and amount collected for rental of the room assigned to each guest;

(6) The method of payment for the room;

(7) The full name of the person checking in the guest.

(b) For a guest checking in via an electronic registration kiosk at the hotel, instead of the information required by Subsection 2.(a), the hotel shall maintain the name, reservation information and credit card information provided by the guest, as well as the identifying symbol of the kiosk where the guest checked in and the room number

1  assigned to the guest.

LAMC 41.49.3 **Maintenance of Hotel Record**. Every operator of a hotel shall comply with the following requirements for maintaining the hotel record:

(a) The record shall be kept on the hotel premises in the guest reception or guest check-in area or in an office adjacent to that area. The record shall be maintained at that location on the hotel premises for a period of 90 days from and after the date of the last entry in the record and *shall be made available to any officer of the Los Angeles Police Department for inspection. Whenever possible, the inspection shall be conducted at a time and in a manner that minimizes any interference with the operation of the business*. (emphasis added.)

(b) No person shall alter, deface or erase the record so as to make the information recorded in it illegible or unintelligible, or hinder, obstruct or interfere with any inspection of the record under this section.

(c) Any record maintained in the form of a book shall be permanently bound, each page shall be sequentially numbered and the book shall be the minimum size of eight by ten inches. No page shall be removed from the book. Any record maintained in the form of cards shall be on cards that are the minimum size of two and one-half inches by four inches and numbered consecutively and used in sequence. Any card numbered within the sequence of utilized cards shall be preserved as part of the record even if it is not used for a room rental. The numbers shall be printed or otherwise indelibly affixed to the cards. If maintained electronically, the record shall be printable.

| | | |
|---|---|---|
| 1 | (d) | Nothing in this section absolves the operator from maintaining the record for longer than 90 days in order to comply with any other provision of law, including the obligation to maintain and produce records for the purpose of paying a transient occupancy tax. |

2. Plaintiffs have been subject to and continue to be subject to searches and seizures of motel registration records by the Los Angeles Police Department without consent or warrant pursuant to LAMC Sec. 41.49, which permits law enforcement to demand inspection of motel registers at any time without consent or warrant. (Defs.' Final Pretrial Conference Order 2-3.[2])

3. The parties agree that the sole issue in this action is a facial constitutional challenge to LAMC Sec. 41.49 under the Fourth Amendment. (Id. 3.)

## II. CONCLUSIONS OF LAW REGARDING ADMINISTRATIVE SEARCH EXCEPTION

1. The state may conduct warrantless searches of a business under the administrative search exception to the Fourth Amendment if the business is "closely regulated." Tucson Woman's Clinic v. Eden, 379 F.3d 531, 550 (9th Cir. 2004).

2. The "warrantless inspection, even in the context of a pervasively regulated business, will be deemed to be reasonable only so long as three criteria are met. First, there must be a 'substantial' government interest that informs the regulatory scheme pursuant to which the inspection is made. Second,

---

[2] In light of this admitted fact, the Court finds that Plaintiffs have standing.

|   |   | the warrantless inspections must be necessary to further the regulatory scheme. . . . Finally, the statute's inspection program, in terms of the certainty and regularity of its application, must provide a constitutionally adequate substitute for a warrant." New York v. Burger, 482 U.S. 691, 702-03 (1987) (internal citations and quotations omitted). |
|---|---|---|
|   | 3. | Thus, determining whether a business is "closely regulated" is the threshold inquiry under the administrative search analysis. |
|   | 4. | Whether a business is closely regulated is defined by the pervasiveness and regularity of the regulation and the effect of such regulation on an owner's expectation of privacy. Tucson Woman's Clinic, 379 F.3d at 550. |
|   | 5. | The following industries have been determined to be closely regulated: vehicle dismantling, firearms dealers, liquor distribution, and liquefied propane gas retailing. Id. The veterinary drug and stone quarrying/mining industries have also been labeled as closely regulated industries. U.S. v. 4,432 Mastercases of Cigarettes, More or Less, 448 F.3d 1168, 1176 (9th Cir. 2006). |
|   | 6. | Defendant submits no evidence that hotels or motels in California or Los Angeles have been subjected to the same kind of pervasive and regular regulations as other recognized "closely regulated" businesses. For example, unlike the liquor industry, which has been "long subject to close [federal] supervision and inspection," Burger, 482 U.S. at 700, there is no evidence that the hotel and motel industry have been subject to intense regulatory scrutiny. Therefore, the Court is not persuaded on this record that hotels and motels are closely regulated businesses for purposes of the |

administrative search exception to the Fourth Amendment.

7. Because of the conclusions set forth below, however, it is not necessary to make a finding on this issue or to analyze the Burger factors to determine the reasonableness of a warrantless inspection under LAMC Sec. 41.49.

## III. CONCLUSIONS OF LAW REGARDING REASONABLE EXPECTATION OF PRIVACY IN HOTEL REGISTERS

8. A "facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." U.S. v. Salerno, 481 U.S. 739, 745 (1987).

9. "[I]n order to claim the protection of the Fourth Amendment, a [person] must demonstrate that he personally has an expectation of privacy in the place searched . . . ." Minnesota v. Carter, 525 U.S. 83, 88 (1998).

10. Hotel guests have no reasonable expectation of privacy in a hotel's guest registration records. U.S. v. Cormier, 220 F.3d 1103, 1107-08 (9th Cir. 2000). (In Cormier, the motel owner voluntarily agreed to provide the guest check-in register to the police. Id. at 1108. The motel guest unsuccessfully asserted that he had a reasonable expectation of privacy in the guest register. Id.)

11. Here, however, motel owners assert that they have a reasonable expectation of privacy in the guest register. No case cited to or found by the Court suggests that hotel or motel owners have a reasonable

expectation of privacy in registers created pursuant to a municipal mandate.

12. In <u>U.S. v. Miller</u>, 425 U.S. 435, 440 (1976), the Supreme Court concluded that a party must be able to assert ownership or possession of a record to claim Fourth Amendment protection. The Court is not convinced that hotel or motel owners have an ownership or possessory interest - or at least not one that gives rise to a privacy right - in the guest registers. The hotel and motel owners must create and maintain these registers in order to comply with the ordinance at issue. They do not contend that the requirement to create and maintain the registers violates their rights. They argue that the registers are business records that they may use for other purposes, but it does not appear that they are prevented from maintaining a separate set of documents containing the same or similar information in another location not subject to inspection.

13. The hotel and motel owners may keep the records available for review in a guest check-in or guest reception area. Hotels and motels are generally open to receive guests at all times. The records subject to inspection are limited to those that are required by law to be kept. The Court finds the ordinance to be reasonable.

14. Plaintiffs have not met the high burden of showing that LAMC Sec. 41.49 cannot be valid under any circumstances. It can be reasonably interpreted as a measured ordinance meant to discourage and fight crime in hotels and motels.

15. The Court concludes that LAMC Sec. 41.49 is not unconstitutional on its

face.

DATED: 9/5/08

_____
Dale S. Fischer
United States District Judge